IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RONALD B. PORATH and**
**MARZELLA J. PORATH,**

        **Plaintiffs,**

vs.                                                          No. CIV 03-0665 JP/ACT

**VINCE GRAMLING and**
**one to ten JOHN or JANE DOES**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

On June 3, 2003, Plaintiffs, who are appearing pro se, filed a complaint[1] against Defendants Vince Gramling and one to ten John or Jane Does for "libel by a tort claim." Complaint at 1. Plaintiffs claim that Defendant Gramling seized property belonging to Plaintiff Marzella Porath without her consent. Plaintiffs assert federal court jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. After careful consideration of Plaintiffs' complaint and the attached exhibits, the Court determines *sua sponte* that Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). See In re Martinez, 721 F.2d 262, 264 (9th Cir. 1983) ("[A] federal court is duty-bound to determine its proper jurisdiction on its own motion."); Shamblin v. City of Colchester, 793 F.Supp. 831, 833 (C.D. Ill. 1992) ("A federal court must at the outset examine whether jurisdiction exists before

---

[1] Although Plaintiffs entitle their complaint "Notice of Removal in a Federal Forum," it appears that Plaintiffs first filed their suit in this Court. The Court will, therefore, treat Plaintiffs' "Notice of Removal in a Federal Forum" as the original complaint.

proceeding to the merits, and may raise the issue *sua sponte* where the parties have not raised it themselves.")

For a federal court to have diversity jurisdiction, the controversy must be between citizens of different states and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. It is the plaintiff's burden to establish jurisdiction. Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotations omitted)). The court notes that a pro se litigant's complaint should be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nonetheless, "self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

Plaintiffs do not present in their complaint sufficient facts to establish either diversity of citizenship or the requisite amount in controversy. It is alleged in the exhibits attached to the Plaintiffs' complaint that Plaintiff Marzella Porath is a citizen of New Mexico. However, the complaint does not assert the citizenship of either Plaintiff Ronald Porath or Defendant Gramling. Moreover, the complaint does not even demonstrate who Defendant Gramling is or how he is related to the seizure of Plaintiff Marzella Porath's property. Additionally, the complaint does not sufficiently set forth the requisite amount in controversy. Although there is some evidence that Plaintiffs are contesting the garnishment of $22,071.24 in Plaintiff Marzella Porath's wages, that amount is not even one-third of the amount in controversy requirement. Consequently, Plaintiffs have not met their burden of establishing this Court's jurisdiction over their case.

    IT IS THEREFORE ORDERED that Plaintiffs' complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

                                             */s/ James A. Parker*
                                         **CHIEF UNITED STATES DISTRICT JUDGE**