IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RONALD B. PORATH and**
**MARZELLA J. PORATH,**

        **Plaintiffs,**

vs.                                                        **No. CIV 03-0665 JP/ACT**

**VINCE GRAMLING and**
**one to ten JOHN or JANE DOES**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

On June 3, 2003, Plaintiffs, who are appearing *pro se*, filed a complaint against Defendants Vince Gramling and one to ten John or Jane Does for "libel by a tort claim." Complaint (Doc. No. 1) at 1. On June 9, 2003, this Court entered a Final Order of Dismissal, dismissing Plaintiffs' complaint without prejudice for lack of subject matter jurisdiction. (Doc. No. 5). On June 17, 2003, Plaintiffs filed a "Motion to Amend Original Pleadings to correct defect in subject matter jurisdiction." (Doc. No. 7). Plaintiffs submitted their proposed amended pleadings and asked the Court to "set aside the order of dismissal and reconsider this case based on said amended pleadings." Id. at 1.

Because Plaintiffs filed their motion to amend after the entry of the Final Order of Dismissal in this case, Plaintiffs' motion is properly construed as a motion for relief from judgment or order under FED. R. CIV. P. 60(b). Barnes v. Clinton, No. 02-6057, 2003 WL 245329, *1 (6th Cir. Jan. 31, 2003). Under Rule 60(b), a party may obtain relief from judgment for various reasons including mistake, newly discovered evidence, fraud, a void judgment, a satisfaction or release from a prior judgment, or for any other reason justifying relief from the

operation of the judgment. See FED. R. CIV. P. 60(b). In this case, Plaintiffs have offered no reasons justifying their failure to plead sufficient facts to establish subject matter jurisdiction. The Court, therefore, determines that Plaintiffs have not met any of the standards set forth in Rule 60(b). Accordingly, Plaintiffs' motion to reconsider will be denied.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Amend Original Pleadings to correct defect in subject matter jurisdiction (Doc. No. 7) is DENIED.

_____
CHIEF UNITED STATES DISTRICT JUDGE