IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RONALD B. PORATH and
MARZELLA J. PORATH,

        Plaintiffs,

vs.                              No. CIV 03-0665 JP/ACT

VINCE GRAMLING and
one to ten JOHN or JANE DOES

        Defendants.

## MEMORANDUM OPINION AND ORDER

On June 3, 2003, Plaintiffs, who are appearing *pro se*, filed a complaint against Defendants Vince Gramling and one to ten John or Jane Does for "libel by a tort claim." Complaint (Doc. No. 1) at 1. On June 9, 2003, this Court entered a Final Order of Dismissal, dismissing Plaintiffs' complaint without prejudice for lack of subject matter jurisdiction. (Doc. No. 5). On June 17, 2003, Plaintiffs filed a "Motion to Amend Original Pleadings to correct defect in subject matter jurisdiction." (Doc. No. 7). Plaintiffs submitted their proposed amended pleadings and asked the Court to "set aside the order of dismissal and reconsider this case based on said amended pleadings." Id. at 1. On August 19, 2003, this Court by a Memorandum Opinion and Order denied Plaintiffs' motion to reconsider under Rule 60(b). (Doc. No. 10). This Court, however, determines that Plaintiffs' motion to reconsider, which was filed within 10 days of the Court's entry of the Final Order of Dismissal, could also be construed as a motion to alter or amend the judgment under FED. R. CIV. P. 59(e).

A court may grant a motion to alter or amend a judgment for any one of the following reasons: (1) an intervening change in the controlling law; (2) newly discovered evidence, or (3) the need to correct clear error or prevent manifest injustice.  Mantle Ranches, Inc. v. U.S. Park Service, 950 F.Supp. 299, (D. Colo. 1997).  Plaintiffs have presented no argument that there has been a change in law, that new evidence is available, or that there is a need to correct a clear error.  Moreover, Plaintiffs cannot show that a manifest injustice will occur where Plaintiffs' complaint was dismissed without prejudice.  The Court, therefore, determines that Plaintiffs' motion to reconsider should also be denied under Rule 59(e).

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Amend Original Pleadings to correct defect in subject matter jurisdiction (Doc. No. 7) is also DENIED under Rule 59(e).

_____
CHIEF UNITED STATES DISTRICT JUDGE